DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF CITY OF NEWARK, v. TOWNSHIP OF JEFFERSON, FOR THE YEARS 1943 AND 1944.

Decided June 24, 1947.

For the City of Newark, *Vincent J. Casale.*

For the Township of Jefferson, *Robert H. Schenck.*

CONKLIN, COMMISSIONER. These appeals involve the assessments of property owned by the City of Newark in the Township of Jefferson for the years 1943 and 1944. The township assessed the land at $71,100 for each year, and the improvements at $13,000 for the year 1943 and $12,700 for the year 1944. The city seeks to have the assessment on the improvements canceled.

The facts in this case are clear and are not in dispute. For the protection of its watershed, the City of Newark owns approximately 924 acres of land in the Township of Jefferson, which has been valued by the local assessors at $71,100. With this the city does not quarrel, but does claim that it is entitled to a full exemption on the improvements on which an assessment has been made. The improvements consist of a two and one-half story frame building, a two story frame and stone storehouse, a one story frame and stone ice house, a one story frame storehouse, a two story frame storehouse, a frame lumber shed, and a store building, all rented by the City of Newark to a certain Davenport and Moody for the

sum of $75 a month, and used for commercial purposes. There is also a one and one-half story frame building with a one story frame garage, occupied by a city laborer who pays the City of Newark $6 a month rent.

It is the contention of the Township of Jefferson that these buildings are in no way connected with the development, improvement, or maintenance of the watershed property and that the statutes exempting improvements on watershed property do not apply. The pertinent statute is *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, wherein it provides in part:

"* * * the land of counties, municipalities, and other municipal and public agencies of this state used for the purpose and for the protection of a public water supply, shall be subject to taxation by the respective taxing districts where situated, at the true value thereof, without regard to any buildings or other improvements thereon, in the same manner and to the same extent as the lands of private persons, but all other property so used shall be exempt from taxation * * *."

This statute has been construed by the courts and more particularly by the Division of Tax Appeals in President Quinn's opinion in *Town of Morristown* v. *Township of Randolph,* 19 *N. J. Mis. R.* 413; 20 *Atl. Rep. (2d)* 355. In that case the municipality assessed the buildings which were tenanted structures and which did not relate to the water supply functions served by the lands. President Quinn stated the rule in said case as follows:

"* * * The attempt to lay an assessment on the property here in question is not based upon any cited act subjecting such property to taxation. While, under *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, *lands* of municipalities, used for public water supply, are subjected to taxation, that act specifically excludes 'any buildings or other improvements thereon, from its scope.' There is no distinction made based upon the nature of the use to which such buildings are put. As a matter of plain statutory construction therefore, none of the improvements here in question were taxable, and cancellation will be ordered of all such assessments in the pending appeals * * *."

See, also, *Town of Morristown* v. *Township of Mendham,* 19 *N. J. Mis. R.* 141; 18 *Atl. Rep.* (*2d*) 291.

The petition of the City of Newark should be granted and the assessment on the improvements canceled.